**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EDUARDO JOSE POLANCO YBARRA, A# 245 273 284,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **WARDEN, South Texas ICE Processing Center, ET AL.,** <br><br> **Respondents.** | § § § § § § § § § § § | **NO. SA-26-CV-06863-OLG** |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Eduardo Jose Polanco Ybarra's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. No. 1). Respondents have responded. (Dkt. No. 4). Upon review, the Court finds that the Petition must be and hereby is **DENIED** for the reasons below.

Petitioner entered the United States without inspection or admission on September 23, 2026, and was released. (Dkt. Nos. 1; 4, Exs. A, B). Petitioner was re-detained by immigration authorities on or about October 15, 2026, and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings.[1] (Dkt. No. 1; 4, Ex. B).

Liberally construing the Petition as required given Petitioner's *pro se* status, the Court finds he is seeking an order compelling his release on the grounds that his continued detention violates the INA and is inconsistent with his right to due process.[2] (Dkt. No. 1); *see Erickson v. Pardus*,

---

[1] Although Petitioner was ordered removed from the United States on October 31, 2026, he reserved his right to appeal to the Board of Immigration Appeals, and, thus, has no administratively final order. (Dkt. No. 4, Ex. C); *see* 8 C.F.R. § 1241.1 (stating situations wherein removal order becomes final). Once the order of removal becomes administratively final, the Government has 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

[2] Petitioner also asserts entitlement to habeas relief based on the *Accardi* doctrine. (Dkt. No. 1). This claim is **DISMISSED**. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (explaining that *Accardi* claim "is inapposite in a petition for habeas relief"); *see also Ndudzi v. Castro*,

551 U.S. 89, 94 (2007) (holding pleadings by *pro se* litigants must be construed liberally); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (same).

Petitioner's statutory basis for relief, to the extent it is raised, was foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). (Dkt. No. 1). As such, all applicants for admission, like Petitioner, are subject to mandatory detention during the pendency of removal proceedings. *See Buenrostro-Mendez*, 166 F.4th at 500.

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now also foreclosed Petitioner's constitutional bases for relief (Dkt. No. 1), holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings ... in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[3]

No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

[3] The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*,

Accordingly, Petitioner's request for habeas relief (Dkt. No. 1) must be and hereby is **DENIED**.

It is **ORDERED** that all pending motions are **DISMISSED AT MOOT**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 13, 2026.

ORLANDO L. GARCIA
United States District Judge

115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.* Accordingly, although it is not this Court's place to take that step, Petitioner may wish to consider presenting such an argument to the Fifth Circuit on appeal from this Order.